Black, et al., v. Carpenter, et al.

BLACK, et al. v. CARPENTER, et al.

1. DEED. *Registration of. In ejectment.* A deed of conveyance executed to plaintiff before commencement of an action of ejectment, but registered afterwards, is admissible in evidence by plaintiff. The deed on registration relates back to its date.
2. EXECUTION. *Return nulla bona. Presumption of payment after sixteen years.* Issuance and return of execution *nulla bona*, is a circumstance rebutting presumption of payment of judgment, under which land was sold after the lapse of sixteen years.

Cases cited: Ward v. Daniel, 10 Hum. 608; Hale v. Darter, *Ib.* 92; Perry, v. Calhoun's lessee, 8 Hum., 556-57.

FROM GILES.

Appeal from the Circuit Court. A. M. HUGHES, Judge.

JOHN C. WALKER for Black.

J. A. TIMMON for Carpenter.

SNEED, J., delivered the opinion of the Court.

This is an action of ejectment, in which the plaintiffs claimed under a Sheriff's deed. The Sheriff's deed was executed on the 22d day of July, 1861, and was registered the 28th of February, 1862. The demise laid in the declaration is the 24th of July, 1861. The Court charged the jury, that, if the deed of the Sheriff to the plaintiff was not registered until after the demise, although the deed might have been made

at a prior date, and signed of a prior date, yet the plaintiffs could not recover in this action. They must show a deed dated and registered before the demise laid in the declaration. The Court was asked to charge, that, if the deed have date, and was, in fact, made prior to the date of the demise, and registered afterwards, the registration would relate to the date of the deed, and entitle the plaintiffs, all other questions aside, to recover. These instructions were refused. The charge was erroneous. The instructions demanded by the plaintiffs contain a correct statement of the law in such cases. *Ward* v. *Daniel,* 10 Hum., 608–9; *Hale* v. *Darter, Ib.,* 92; *Perry* v. *Calhoun's Lessee,* 8 Hum., 556–7.

The Court also charged the jury, that the lapse of sixteen years after the rendition of the judgment, under which the sale of the land was had, would raise a presumption of its satisfaction, and that the burden of proof to rebut the presumption was on the plaintiffs'; but refused, upon request, to charge the jury that they might consider the issuance and return of execution *nulla bona,* as a circumstance in rebuttal. In this refusal we think his Honor also erred.

Reverse the judgment.